UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY LEWIS,<br><br>            Plaintiff,<br><br>   v.<br><br>THE CENTER FOR COUNSELING AND HEALTH RESOURCES, et al.,<br><br>            Defendants. | Case No. C08-1086 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND |

This matter comes before the Court on Defendants' motion to dismiss pursuant to RCW 7.70.150. (Dkt. No. 41.) Having reviewed the motion, Plaintiff's response, (Dkt. No. 43), Defendants' reply, (Dkt. No. 45), and the balance of the record, the Court DENIES the motion for the reasons set forth below. The Court has also reviewed Plaintiff's motion to amend her complaint, (Dkt. No. 46), Defendants' opposition to that motion, (Dkt. No. 49), and Plaintiff's reply, (Dkt. No. 53), and hereby GRANTS the motion for the reasons set forth below.

**Background**

The Center for Counseling and Health Resources ("The Center") is a Washington corporation that provides treatment for a range of mental health diagnoses. (Dkt. No. 4 at 1.) Plaintiff is an Oregon resident who received treatment at The Center from July 22, 2004 until

ORDER — 1

1 | August 2005.  (Id.)  The individually-named defendants are owners and/or employees of The
2 | Center.  (Id. at 2.)
3 |       On July 17, 2008, Plaintiff initiated this action in federal court under diversity
4 | jurisdiction.  (Dkt. No. 1.)  On September 18, 2008, Plaintiff filed an amended complaint against
5 | The Center and the individual defendants alleging seven state law claims: (1) breach of contract;
6 | (2) violation of Washington's Consumer Protection Act; (3) breach of fiduciary duty; (4) medical
7 | malpractice; (5) professional malpractice; (6) violation of Washington's Health Care Information
8 | Access and Disclosure Act; and (7) violation of Washington's State Securities Act.  (Id. at 5–7.)
9 | After the parties reached a partial settlement agreement, Plaintiff dismissed the majority of her
10 | claims, leaving only the claims for medical malpractice and breach of fiduciary duty "as it relates
11 | to the care and treatment plaintiff received from defendants."  (Dkt. No. 22 at 2.)  Defendants'
12 | current motion seeks dismissal of all remaining claims.

**Analysis**

14 |       Defendants' bring their arguments in a motion for judgment on the pleadings.  See Fed.
15 | R. Civ. P. 12(c).  The standard applied on a Rule 12(c) motion is similar to that applied on a Rule
16 | 12(b)(6) motion; a judgment on the pleadings is appropriate when, even if all the allegations in
17 | the complaint are true, the moving party is entitled to judgment as a matter of law.  Milne ex rel.
18 | Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005).  When determining a
19 | motion for judgment on the pleadings, the Court should assume the allegations in the complaint
20 | to be true and construe them in the light most favorable to the plaintiff, and the movant must
21 | clearly establish that no material issue of fact remains to be resolved.  McGlinchey v. Shell
22 | Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Because the Court has not considered
23 | documents outside the pleadings, it need not reach Defendants' motion to strike the Declaration
24 | of Eleanor Hamburger.  (Dkt. No. 45 at 1.)

1. <u>Choice of Law</u>

26 |       Defendants move to dismiss this action on the ground that Plaintiff failed to comply with

ORDER — 2

a Washington statute requiring a plaintiff in a medical malpractice case to file a "certificate of merit" at the time the complaint is filed. RCW 7.70.150.[1] Plaintiff asserts that the Washington statute requiring a certificate of merit in malpractice suits should not be applied in this federal action.

Because the Court's jurisdiction in this action is based on complete diversity, the Court must engage in a three-part choice-of-law analysis to determine whether RCW 7.70.150 governs Plaintiff's state law claims in federal court. Hanna v. Plumer, 380 U.S. 460, 470–74 (1965). The Court first inquires whether the state law directly conflicts with federal law. Id. If there is no direct conflict, the Court must follow the Erie doctrine and apply state law on substantive issues and federal law on procedural issues. Id. at 468 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). The Court's review of the substantive or procedural nature of the state law in question must be informed by "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Id. Finally the Court must consider whether an overriding federal interest requires application of federal law despite the substantive nature of the state law in question. See Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 537–39 (1958).

Plaintiff argues that RCW 7.70.150 is in direct conflict with Fed. R. Civ. P. 8, which governs pleading requirements in federal court. Relying on Long v. Adams, 411 F. Supp. 2d 701 (E.D. Mich. 2006), Plaintiff asserts that Washington's certificate of merit requirement imposes a heightened pleading standard on plaintiffs that conflicts with the less rigorous notice pleading standard set forth in Fed. R. Civ. P. 8(a). See also Braddock v. Orlando Regional Health Care System, Inc., 881 F. Supp. 580, 584 (M.D. Fla. 1995) ("The heightened pleading requirement in [Florida law], requiring an affidavit from a medical expert as part of a plaintiff's complaint,

---

[1] For plaintiffs who file their medical malpractice claim within 45 days of the expiration of the limitations period, the statute permits an additional 45 days from the date the complaint is filed to file a certificate of merit. RCW 7.70.150(1). Neither party suggests that Plaintiff's malpractice claim falls within this exception.

ORDER — 3

directly conflicts with Fed. R. Civ. P. 8(a), which requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"); Mastec North America, Inc. v. Coos County, Civ. No. 04-278-AA, 2006 WL 1888928 (D. Or. 2006) (same); Baird v. Celis, 41 F. Supp. 2d 1358 (N.D. Ga 1999) (same); Boone v. W.R. Knight III, 131 F.R.D. 609 (S.D. Ga. 1990) (same). Yet federal courts are not in agreement on this issue and significant authority suggests that there is no direct conflict between the federal rules and a state law requiring that a certificate of merit be filed in support of a malpractice complaint. See Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000) (finding no direct conflict between New Jersey's affidavit of merit statute and the federal rules because the federal rules "dictate the content of the pleadings and the degree of specificity that is required[,]" and their "overall purpose is to provide notice of the claims and defenses of the parties[,]" while the purpose of New Jersey's affidavit of merit statute (requiring the filing of such affidavit within sixty days of the defendant's answer) "is not to give notice of the plaintiff's claim, but rather to assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings."); Hun Dae Lee v. Putz, No. 1:03-CV-267, 2006 U.S. Dist. LEXIS 43449 (W.D. Mich. June 27, 2006) (finding no conflict between state's affidavit of merit statute and the federal rules); Clark v. Sarasota County Pub. Hosp. Bd., 65 F. Supp. 2d 1308 (M.D. Fla. 1998) (rejecting plaintiff's argument that Florida's affidavit of merit statute directly conflicted with Rule 8(a)); Thompson ex rel. Thompson v. Kishwaukee Valley Medical Group, No. 86 C 1483, 1986 WL 11381 (N.D. Ill. Oct. 6, 1986) (holding that Illinois statute requiring the attachment of an affidavit of merit to a complaint alleging medical malpractice did not conflict with Federal Rules 8, 9, or 11).

This Court respectfully rejects the notion in Long that a state law requiring plaintiffs to file a certificate of merit with a complaint amounts to an additional pleading requirement in conflict with the federal rules. 411 F. Supp. 2d at 708. As noted in Chamberlain, the federal rules that govern pleading and the certificate of merit statutes are directed towards different purposes, and can "exist side by side" without conflict. 210 F.3d at 160. Federal Rules 8 and 9

ORDER — 4

aim to provide notice of the parties' claims and defenses, while the certificate of merit statute aims to prevent the litigation of frivolous malpractice actions. Id. Even though Washington's statute requires that the certificate of merit be filed alongside a plaintiff's complaint, it cannot be considered an additional pleading requirement because its content and purpose differ from the content and purpose of a pleading as governed by the federal rules.

Because there is no conflict between RCW 7.70.150 and the federal rules, the Court next applies the Erie rule to determine if the state law should apply. Hanna, 380 U.S. at 470. In applying Erie, the objective is "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109 (1945). Under Erie, the Court must apply state law on substantive issues and federal law on procedural issues. Hanna, 380 U.S. at 470. The legislative history of RCW 7.70.150 indicates that it is substantive in nature. See Bennett v. Seattle Mental Health, 208 P.3d 578 (Wash. App. 2009) (citing 1976 Final Legislative Report, 44th Wash. Leg., 2d Ex. Sess., at 22). The Washington legislature enacted the statute in an effort to provide alternative methods for resolving malpractice disputes, and to control the cost of malpractice insurance by preventing frivolous medical malpractice actions. See id. These goals implicate the substantive outcomes of such litigation.

Additionally, applying the statute as substantive law prevents forum shopping and ensures equitable administration of the law. See Hanna, 380 U.S. at 468. If the federal court did not apply Washington's certificate of merit requirement, "a plaintiff could simply circumvent the application of the statute by avoiding state court and filing his claim in federal court[,]" resulting in the forum-shopping Erie sought to avoid. Hun Dae Lee v. Putz, 2006 U.S. Dist. LEXIS 43449 at *18. Failure to enforce RCW 7.70.150 in federal court would also result in inequitable administration of the laws, requiring defendants in federal court "to engage in additional

ORDER — 5

1 | litigation and expense in a non-meritorious malpractice suit simply because the plaintiff was from a different state[,]" and requiring a non-diverse plaintiff in state court "to comply with the statute, while a plaintiff in federal court would avoid the statute simply because he is a citizen of a different state." Id. at *18–19.

Because no overriding federal interest requires application of federal law despite the substantive nature of RCW 7.70.150, the Court finds the certificate of merit statute applicable in this action. This conclusion is consistent with other rulings in this district where the court applied RCW 7.70.150 without engaging in the choice-of-law analysis above. See Hanner v. USA, No. C08-5728 FDB, 2009 U.S. Dist. LEXIS 52800 (W.D. Wash. June 22, 2009); Gobin v. Dept. of the Army W. Regional Command Madigan Army Med. Ctr., No. C07-5677-RBL, 2008 WL 828944 (W.D. Wash. Mar. 27, 2008); Abear v. Teveliet, No. 06-5550-RBL, 2006 WL 3813560 at *3 (W.D. Wash. Dec. 21, 2006).

2. The Sufficiency of Plaintiff's Certificate of Merit

Although Plaintiff's original complaint and amended complaint both rely on a certificate of merit by Emily Cooper, M.D., (Dkt. No. 1 at 4; Dkt. No. 4 at 5), there is no record that the certificate was filed with this Court. Defendants attached a copy of Dr. Cooper's certificate of merit to their motion to dismiss. (Dkt. No. 41-2.) Defendants admit that they were served a copy of the certificate and believed that it had been filed with the original complaint, and their motion only attacks the sufficiency of that certificate. (See Dkt. No. 41 at 2.)

Since being alerted to the absence of Dr. Cooper's certificate in the record, Plaintiff has filed a motion for leave to amend her complaint to add the certificate. (Dkt. No. 46.) Having reviewed the motion and Defendants' opposition, the Court grants Plaintiff leave to amend her complaint to incorporate Dr. Cooper's affidavit. Fed. R. Civ. P. 15(a) requires that leave to amend "shall be freely given when justice so requires." Because (1) Defendants would not be prejudiced by the amendment; (2) there is no evidence that Plaintiff acted in bad faith or caused undue delay; (3) and amendment would not be futile, Plaintiff is entitled to amend her complaint.

ORDER — 6

See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (setting forth factors to consider on a request for leave to amend and finding that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality").

Turning to the certificate itself, Defendants argue that Dr. Cooper's affidavit does not meet the requirements of RCW 7.70.150 because: (1) it fails to specifically address the care and treatment of Plaintiff; (2) it fails to identify the individually-named defendants; and (3) it fails to identify the factual basis for Dr. Cooper's conclusion that The Center's treatment did not meet the accepted standard of care. (Dkt. No. 41.) As an alternative to dismissal, Defendants ask the Court to limit Plaintiff's claims to The Center's treatment of her eating disorder. (Id. at 6–7.)

a. Failure to Identify Ms. Lewis

Defendants first argue that the certificate does not comply with RCW 7.70.150 because Dr. Cooper failed to tailor the certificate to the care and treatment of this particular plaintiff. Instead of identifying Ms. Lewis by name, the certificate makes reference to "the several plaintiffs listed above." (Dkt. No. 41-2 at 1.) Yet Defendants do not suggest that Ms. Lewis is not one of the plaintiffs referenced by Dr. Cooper, and the pleadings indicate that the treatment received by Ms. Lewis at The Center is indeed the treatment at issue in the certificate. The complaint states that Ms. Lewis received treatment at The Center, and alleges that "The Center's treatment of Ms. Lewis failed to meet the required standard of care," citing to Dr. Cooper's affidavit for support. (Dkt. No. 4 at 5.)

Washington law requires that the certificate of merit "contain a statement that the person executing the certificate of merit believes ... that there is a reasonable probability that the defendant's conduct did not follow the accepted standard of care required to be exercised by the defendant." RCW 7.70.150(3). Washington courts have interpreted this language as a requirement that the certificate focus on the defendants' conduct. See Morris v. Swedish Health Servs., 148 Wn. App. 771, 780-781 (Wash. Ct. App. 2009) (finding sufficient a certificate of merit that failed to address the plaintiff's injury). Dr. Cooper's affidavit meets the statute's

ORDER — 7

1  requirement by opining that Defendants' conduct "was below the standard of care for a

2  Washington State medical provider treating patients with eating disorders...." (Dkt. No. 41-2 at

3  ¶ 2.) Further, Dr. Cooper's evaluation of The Center's inadequate treatment states explicitly that

4  The Center "failed to provide necessary, adequate medical diagnostic assessment to determine

5  the appropriate treatment for each of the patients...." (Id. at ¶ 3.) Because the pleadings

6  sufficiently link that opinion to Defendants' treatment of Ms. Lewis, the failure to identify Ms.

7  Lewis by name in the certificate of merit does not make the certificate insufficient.

    b. Failure to Identify the Individually-Named Defendants

9  RCW 7.70.150(2) states that a plaintiff filing a malpractice claim "must file a certificate

10 of merit for each defendant." Defendants argue that the claims against the individually-named

11 defendants must be dismissed because Dr. Cooper's certificate of merit mentions only a single

12 defendant, The Center. (Dkt. No. 41 at 5.)

13 The Washington Court of Appeals recently addressed a similar argument, and held that a

14 single certificate of merit was sufficient in a case involving multiple defendants where the

15 certificate evaluated the standard of care of the "staff" at a hospital. Morris, 148 Wn. App. at

16 778. The Washington court's analysis counsels the same result here. While Dr. Cooper's

17 certificate of merit refers only to treatment provided by "The Center," Defendants cannot dispute

18 that Ms. Lewis's treatment was delivered by The Center's staff. Accepting that the certificate

19 applies to the treatment of Ms. Lewis at The Center, and inferring that her treatment was

20 delivered by the individually-named defendants (owners and employees of The Center), the

21 Court finds the certificate sufficient on this ground.

    c. Failure to Identify the Factual Basis for Conclusions

23 Finally, Defendants' third argument, comprising less than a half-page of their motion

24 without citation to any applicable authority, is meritless. Defendant asserts that the certificate

25 "is defective on its face due to the fact that it fails completely to identify the factual basis for the

26 conclusion that The Center's conduct ... fell below the standard of care." (Dkt. No. 41 at 6.)

27
   ORDER — 8

RCW 7.70.150 requires only that the expert provide an opinion on the defendant's conduct, and does not dictate that the expert identify what information was reviewed, or require citation to any research or interviews she may have conducted. Defendants provide no authority for their assertion that the certificate is insufficient for failing to include such information, and the motion must be denied on this ground.

### d. Limitation of Claims

In the alternative to dismissal, Defendants ask the Court to rule that the issues in this action be limited to The Center's treatment of Plaintiff's eating disorder because the certificate of merit only addresses treatment of an eating disorder. (Dkt. No. 41 at 6–7.) The Court need not rule on this issue because the malpractice claim in this action is governed by the amended complaint. (Dkt. No. 4.) In the complaint, Plaintiff alleges that "The Center committed medical malpractice by providing treatment to Ms. Lewis that fell below the standard of care for a medical provider treating patients with eating disorders." (Id. at ¶ 12.) Ms. Lewis has provided a certificate of merit in support of her malpractice claim as required by RCW 7.70.150, and the claim survives this motion.

## Conclusion

Having determined that RCW 7.70.150 does not conflict with the federal rules and that the statute is substantive in nature, the Court applies Washington's certificate of merit requirement to Plaintiff's malpractice action. Because Dr. Cooper's certificate of merit meets the requirements of RCW 7.70.150, Defendants' motion to dismiss is DENIED. The Court also GRANTS Plaintiff leave to amend her complaint to incorporate Dr. Cooper's affidavit. The Clerk is directed to send a copy of this order to all counsel of record.

Dated: July 28, 2009

Marsha J. Pechman
U.S. District Judge

ORDER — 9