UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY LEWIS,<br><br>             Plaintiff,<br><br>    v.<br><br>THE CENTER FOR COUNSELING AND HEALTH RESOURCES, et al.,<br><br>             Defendants. | Case No. C08-1086 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO FILE AN AMENDED ANSWER AND THIRD PARTY COMPLAINT |

This matter comes before the Court on Defendants' motion to file an amended answer and third-party complaint. (Dkt. No. 51.) Having reviewed the motion, Plaintiff's response, (Dkt. No. 54), Defendants' reply, (Dkt. No. 58), and the balance of the record, the Court DENIES the motion for the reasons set forth below.

**Background**

The Center for Counseling and Health Resources ("The Center") is a Washington corporation that provides treatment for a range of mental health diagnoses. (Dkt. No. 4 at 1.) Plaintiff is an Oregon resident who received treatment at The Center from July 22, 2004 until around August 2005. (Id.) The individually-named defendants are owners and/or employees of The Center. (Id. at 2.)

ORDER — 1

Upon leaving The Center, Ms. Lewis sought treatment from Kris Coppedge. (Dkt. No. 51 at 2.) Defendants now allege that Ms. Coppedge's treatment caused some or all of the damages alleged by Ms. Lewis in this action, and seek permission to file an amended answer that contains third-party claims against Ms. Coppedge. (See Dkt. No. 51-2.)

**Analysis**

The Court's scheduling order in this action set a deadline for joinder of parties by February 18, 2009, and for amendment of pleadings by March 2, 2009. (Dkt. No. 23.) Defendants' current motion, seeking to amend a pleading and join a party after the relevant deadlines have passed, requires application of Rules 15 and 16 of the Federal Rules of Civil Procedure. Rule 16, requiring that a party show "good cause" for modifying the deadlines set forth in a scheduling order, applies as a threshold analysis to all motions requesting modification of that order. Fed. R. Civ. P. 16(b)(4). A court reaches the Rule 15 analysis only if the party seeking leave to amend has met the "good cause" requirement of Rule 16.

A party satisfies the "good cause" standard by showing that, even acting diligently, he could not have met the deadlines set forth in the scheduling order. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (citing Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendment). Defendants argue that their delay in bringing this motion can be attributed to "Plaintiff's own failure to disclose the evidence at issue." (Dkt. No. 58 at 2.) Yet Defendants admit that they "previously acknowledged in their Answer and discovery responses the fact that Ms. Coppedge or some other subsequent treating provider may have caused or contributed to Plaintiff's alleged damages . . . ." (Id.) In a response to Plaintiff's first interrogatories dated March 30, 2009, Defendants stated that "any damage alleged by the Plaintiff was caused by other care providers including but not limited to Kris Coppedge." (Dkt. No. 55 at 6.) In light of this early assertion, Defendants' current attempt to paint their third-party allegations against Ms. Coppedge as arising from "newly revealed evidence" is disingenuous. (Dkt. No. 58 at 2.) Defendants deposed Ms. Lewis on May 22, 2009, and deposed Ms. Coppedge on June 15, 2009.

(Dkt. No. 55 at 2.) They then waited an additional month before filing this motion to amend on July 21, 2009. (Dkt. No. 51.) Defendants' actions do not display "reasonable diligence" in pursuing the subject of their third-party claims, and the Court denies the motion to amend for failure to show good cause.

Even if the Court were to reach Rule 15's standard requiring leave to amend "when justice so requires," Foman v. Davis, 371 U.S. 178, 182 (1962), the Court is not convinced that Defendants' proposed amendment is necessary "to facilitate decision on the merits rather than on the pleadings or technicalities," United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). Defendants' proposed third-party complaint against Ms. Coppedge alleges: (1) negligence; (2) medical malpractice; (3) breach of fiduciary duty; and (4) indemnity. (Dkt. No. 51-2 at 11–12.) Claims one through three contain allegations of Ms. Coppedge's liability to Plaintiff, not to Defendants, and are not proper third-party claims. See Fed. R. Civ. P. 14 ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.") (emphasis added).

Defendants base their fourth claim, indemnification, on "the potential for a finding of joint and several liability" against Ms. Coppedge. (Dkt. No. 58 at 4.) Yet Washington law states that defendant liability in a tort action shall be several only, unless the action falls within one of three statutory exceptions. RCW 4.22.070, see also Koste v. Chambers, 78 Wn. App. 691, 694 (Wash. Ct. App. 1995) ("Under [the tort reform act], several liability, rather than joint liability, is now the general rule in Washington," and "[j]oint and several liability will exist if one of three statutory exceptions applies."). Defendants argue for the application of exception RCW 4.22.070(1)(b) to this action, but for that exception to apply, Ms. Coppedge must be named a defendant by the plaintiff. Koste, 78 Wn. App. at 696 ("A person is not liable to the plaintiff at all, much less jointly and severally, if he or she has not been named by the plaintiff.") (internal citation and quotation marks omitted). Because Defendants do not bring proper claims in their proposed third-party complaint, they fail to meet the Rule 15 standard for leave to amend.

ORDER — 3

## Conclusion

Defendants have not shown good cause for modifying the Court's scheduling order and have not brought proper third-party claims in their proposed third-party complaint; therefore, the Court DENIES Defendants' motion for leave to amend their answer and file a third-party complaint.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: August 6, 2009

Marsha J. Pechman
U.S. District Judge

ORDER — 4